IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CV-423-FL-KS

| | | |
|---|---|---|
| SOMORE PARKER-FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK J. BISIGNANO, Commissioner of | ) | |
| Social Security | ) | |
| Defendant. | ) | |

This matter is before the court upon the parties' briefs filed pursuant to the court's June 2, 2025, notice under the Supplemental Rules for Social Security Actions. (DE 9). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a memorandum and recommendation ("M&R") (DE 16), wherein it is recommended that the court uphold the decision of the Administrative Law Judge ("ALJ"). Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's decision is affirmed.

## BACKGROUND

Plaintiff filed an application for supplemental social security income July 23, 2021, alleging a disability onset date of April 1, 2014. Plaintiff was a minor at the time of filing. Plaintiff's application was denied upon filing and again on reconsideration. The ALJ then held hearing July 24, 2023. The ALJ also rejected plaintiff's claim September 25, 2023. After the Social Security Appeals Council denied plaintiff's request for review, she commenced this action

March 13, 2025, seeking reversal of the ALJ's decision, or in the alternative, a remand for a new hearing.

**COURT'S DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits.  The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).[1]  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . .  is a record of the basis for the ALJ's ruling, [which] should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).  An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

---

[1]      Internal citations and quotation marks are omitted from all citations unless otherwise specified.

2

recommendations for the disposition." <u>See</u> 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>Id.</u> § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

An individual under 18 years old is considered disabled if the individual has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. The ALJ's determination of a child's eligibility for Social Security benefits involves a three step process:

> First, the Commissioner must determine whether the claimant has engaged in substantial gainful activity. Second, if the claimant has not engaged in such activity, the Commissioner must consider the claimant's physical or mental impairments to determine whether such impairments are severe. Third, if the impairment is severe, the Commissioner then determines whether the impairment meets, medically equals, or is functionally equal to a listed impairment.

<u>Bryant ex rel. Bryant v. Barnhart</u>, 63 F. App'x 90, 92–93 (4th Cir. 2003) (derived from 20 C.F.R. § 416.924(b)–(d).

3

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since July 23, 2021, the application date. (Tr. at 23). At step two, the ALJ next found plaintiff had severe impairments in the form of "intellectual disorder" and "autism." (Id.). The ALJ also determined plaintiff had a "nonsevere impairment of obesity." (Id.). Lastly, the ALJ found plaintiff did not "have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Id.).

The ALJ examined three listed impairments: (1) communication impairment; (2) intellectual disorder; and (3) autism. (Id. at 23-24). The ALJ determined plaintiff's impairments did not medically equal or functionally equal these listed impairments. (Id.).

B.      Analysis

Plaintiff argues the ALJ erred "by failing to rate Plaintiff's impairments in each of the four Paragraph B criteria in evaluating her eligibility for benefits." (Pl's Br. (DE 10) at 13).

To satisfy the medical requirements for intellectual disorder, the claimant may meet either the "Paragraph A" or "Paragraph B" criteria. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. § 112.05. At issue here, the Paragraph B criteria, requires either "a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence[.]" Id. Additionally, the Paragraph B criteria also require "[s]ignificant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: a. Understand, remember, or apply information; or b. Interact with others; or c. Concentrate, persist, or maintain pace; or d. Adapt or manage oneself." Id.

To show autism spectrum disorder, a claimant must satisfy both the "Paragraph A" and "Paragraph B" criteria for that disorder. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. § 112.10. The Paragraph A criteria require "A. Medical documentation of both of the following: 1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and 2. Significantly restricted, repetitive patterns of behavior, interests, or activities." Id. The Paragraph B criteria then require: "Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: 1. Understand, remember, or apply information 2. Interact with others. 3. Concentrate, persist, or maintain pace. 4. Adapt or manage oneself." Id.

In the M&R, the magistrate judge agreed that the ALJ erred because "the ALJ did not articulate whether she found an absence of Paragraph A criteria, Paragraph B criteria, or both." (M&R (DE 16) at 8-9). However, the magistrate judge determined the ALJ's error was harmless as "there is no evidence in the record to support a finding that Plaintiff has an extreme limitation in one, or marked limitations in two of the four areas of mental functioning." (Id. at 9).

Plaintiff objects to the M&R, arguing the ALJ's error was not harmless. Plaintiff argues, "[b]ecause the ALJ did not articulate such findings in the decision, the conclusion that the record lacks support for a finding of extreme limitation in one, or marked limitations in two, of the four areas of mental function requires the Court to reweigh the evidence." (Pl's Obj. (DE 17) at 1-2).

Plaintiff further objects to the M&R's examination of the ALJ's functional equivalence findings in the harmless error analysis, as "the six functional equivalence domains are [not] sufficiently similar to the four Paragraph B criteria to render the ALJ's failure to make Paragraph B findings harmless." (Id. at 2-3).

1. Harmless error

"As a general proposition, [courts] apply the harmless error doctrine in reviewing a decision of the Commissioner denying a benefits claim." Keller v. Berryhill, 754 F. App'x 193, 199 (4th Cir. 2018). But, "[w]here an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error." Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 658 (4th Cir. 2017) (finding an ALJ's error not harmless where "the ALJ noted other evidence that is admittedly pertinent to his conclusions, but he did not address conflicting evidence, or explain away contrary findings of other doctors in a comprehensive manner.").

Here, the record contains no evidence suggesting plaintiff has any extreme or marked limitations in the relevant areas of mental functioning. Plaintiff points to several documents in the record in support of her argument; however, none support a finding of extreme or marked limitations.

First, plaintiff cites a 2014 psychological evaluation, where plaintiff was eight years old. (Tr. at 233). The examination found plaintiff's "[i]ntellectual functioning was within the mild range of intellectual disability." (Id. at 232). Plaintiff's adaptive functioning "was noted to be in the borderline range." (Id.). Plaintiff "performed the tasks requested of her," and plaintiff's "speech was fluent and coherent" and her "responses were relevant and logical[.]" (Id.).

Next, plaintiff cites a psychological evaluation completed in 2021, when plaintiff was 14 years old. (Id. at 253). This examination also found the possibility of a "mild" "intellectual developmental disorder[,]" and "mild symptoms of autism spectrum disorder." (Id. at 255-56).

Lastly, plaintiff points to a 2022 psychological evaluation. Therein, the evaluator found plaintiff had a "moderate impairment in her mathematical skills," a "mild impairment in immediate

6

recall and retention, abstract thinking, general knowledge of information, and judgment." (Id.). Further, plaintiff "appear[ed] to have limited intellectual capability to perform simple, routine, repetitive tasks as well as understand, retain and follow instructions." (Id.). "The claimant appears capable of tolerating the stress associated with day-to-day activity, but may have some difficulty communicating with others due to her speech delays." (Id.).

These three evaluations do not support a finding of extreme or marked limitation in any of the four areas of mental functioning. Moreover, the ALJ's analysis demonstrates she considered the record and relevant evidence. While the ALJ did not rate each category of impairments, the ALJ did summarize and discuss evidence relevant to determining whether plaintiff met the criteria in the listings. (See id. at 23-24).

"The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009). Here, plaintiff fails to show evidence in the record that supports a finding of extreme or marked limitations. Therefore, plaintiff has not shown she has been prejudiced by the ALJ's failure to specifically discuss Paragraph B criteria, and the ALJ's error is therefore harmless. See id.

In her objections, plaintiff argues that this harmless error analysis requires the court to reweigh the evidence. (Pl's Obj. (DE 17) at 1-2). However, this is not a case such as Patterson, where the ALJ failed to address conflicting evidence, see 846 F.3d at 658, or Mascio, where the ALJ did not explain "how he decided which of [the claimant's] statements to believe and which to discredit." 780 F.3d at 640. Rather, plaintiff shows no evidence suggesting plaintiff has extreme or marked limitations, and therefore the court does not reweigh any conflicting evidence or make any credibility determinations.

7

Lastly, because the ALJ's error is harmless for the reasons set forth herein, the court need not determine if the magistrate judge erred by examining the ALJ's functional equivalence findings. In sum, plaintiff fails to show any prejudice resulting from the ALJ's failure to discuss which specific Paragraph B criteria plaintiff did not meet.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 16), and the final decision of the Commissioner is AFFIRMED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of March, 2026.

LOUISE W. FLANAGAN
United States District Judge

8